UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | CONSOLIDATED UNDER |
| LIABILITY LITITGATION (NO. VI) | : | MDL DOCKET NO. 875 |

| | | |
|---|---|---|
| ANTHONY ALFIERO, ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GENERAL ELECTRIC CO., ET AL. | : | NO.: 07-CV-67459 |
| | : | (U.S.D.C. CONNECTICUT) |

| | | |
|---|---|---|
| ROBERT HAMILTON | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 09-CV-71981 |
| | : | (U.S.D.C. Pennsylvania Eastern) |
| v. | : | |
| | : | |
| GENERAL ELECTRIC COMPANY, ET AL., | : | Plaintiff Demands |
| Defendants. | : | A Trial by Jury |

## SEVERED AND AMENDED COMPLAINT

### Jurisdiction and Parties

1.      Jurisdiction of this Court exists pursuant to 28 United States Code, Sections 1331 and 1332, in that the plaintiff, ROBERT HAMILTON, is a citizen of the State of Connecticut and the defendants are incorporated in the State of Delaware, New Jersey, Pennsylvania, New York and / or in other states other than Connecticut, and their principal places of business are in states other than Connecticut.  The matter arises under the Constitution and under laws of the United States, and the amount in controversy exceeds $ 75,000.00 exclusive of interest and costs.

2.      The actions and conduct complained of have been mainly performed within the State of Connecticut in the judicial district of Connecticut.

3.      The plaintiff, ROBERT HAMILTON, was employed by General Dynamics / Electric Boat Corp., Groton, CT ("Electric Boat Shipyard") from about 1959 to 1967 as a shipfitter.  The duties of the plaintiff included working in areas where he and others were handling and working with asbestos products or products containing, involving or requiring the use of asbestos and were exposed to asbestos fibers and materials.

4a.      General Electric Company is a New York corporation which does business in the State of Connecticut with its principal place of business at 1 River Road, Schenectady, New York 12345 and an agent at 3135 Easton Turnpike, Fairfield, Connecticut 06431 and its agent for service is CT Corporation System, One Commercial Plaza, Hartford, CT  06103.

4b.      CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation does business in the State of Connecticut with its principal place of business at 1515 Broadway, New York, New York 10036 and its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT  06120.

4c.      Okonite Co. is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 102 Hilltop Road, Ramsey, New Jersey 07446.

4d.      Safeguard Scientific Inc. successor-in-interest to Penn El Service Co., Inc. is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 435 Devon Park Drive, Building 800, Wayne, PA  19087.

4e.      Richard Klinger Inc. is a Delaware corporation which has done business in the State of Connecticut with its principal place of business at 2350 Campbell Road, Sidney, Ohio 45365 and an agent for service at National Registered Agents, Inc., 160 Greentree Drive., Suite 101, Dover, DE  19904.

4f.      Carborundum Co. individually and its parent, alter ego and / or successor-in-interest  Saint-Gobain Abrasives, Inc., is a foreign corporation which has done business in the State of Connecticut with principal places of business at 200 Public Square, Cleveland, OH 44114 and 2770 West Washington Street, Stephenville, Texas  76401-3799 and an agent for service at the Secretary of State, 30 Trinity Street, Hartford, CT  06106.

4g.      Alfa Laval, Inc. individually and as parent, alter ego and as successor-in-interest to Sharpless Inc., Alfa-Laval Separation Inc. and Delaval Separator Co. is a foreign

corporation which has done business in the State of Connecticut with its principal place of business at 5400 International Trade Drive, Richmond, VA 23231 and its agent for service is CT Corporation System, One Commercial Plaza, Hartford, CT  06103.

4h.     Crane Co. individually and as parent, alter ego and successor-in-interest to Chapman Valve Co., Cochrane Corp., and/or Chempump is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 757 Third Ave., New York, NY  10017 and its agent for service is the Secretary of State, 30 Trinity Street, Hartford, CT  06106.

4i.     Gould Pumps (IPG) Inc. is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 240 Fall Street, Seneca Falls, NY  13148.

4j.     IMO Industries, Inc. individually and as parent, alter ego, successor-in-interest and/or f/k/a IMO Delaval Inc., is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 997 Lenox Drive, Bldg 3, Suite 111, Lawrenceville, NJ 08648 and its agent for service at Corporation Service Company, 50 Weston Street, Hartford, CT  06120-1537.

4k.     IMO Industries, Inc. individually and as parent, alter ego, successor-in-interest and/or f/k/a Worthington Turbine, Inc., IMO Delaval Inc., Delaval Turbines, Delaval Pumps, Transamerica Delaval, IMO Delaval, Enterprise Engine & Foundry Company, and/or Worthington Turbine, Inc. is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 997 Lenox Drive, Bldg 3, Suite 111, Lawrenceville, NJ 08648 and its agent for service at Corporation Service Company, 50 Weston Street, Hartford, CT  06120-1537.

4l.     ITT Industries individually and as parent, alter ego and successor-in-interest to Gould Pumps, Inc. is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 4 West Red Oak Lane, White Plains, NY 10604 and its agent for service at CT Corporation System, 1 Commercial Plaza, Hartford, CT 06103.

4m.     Metropolitan Life Insurance Co. is a foreign corporation which has done business in the State of Connecticut and its agent is the Insurance Commissioner of Connecticut, 153 Market Street, 11th Floor, Hartford, CT  06103.

5.     The Defendants listed in paragraphs 4a through 4m were either in the business of manufacturing, distributing and selling various products or they manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for

use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing and selling various products or that manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

### FIRST CLAIM ON BEHALF OF ROBERT HAMILTON

### FIRST COUNT BASED ON PRODUCT LIABLITY FOR
### ROBERT HAMILTON FOR
### PERSONAL INJURIES AND DAMAGES

6.      During the Plaintiff's employment, he was exposed to the asbestos products or products containing, involving or requiring the use of asbestos of the Defendants. As part of his employment, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

7.      The illnesses of the Plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have known required or involved asbestos for use, operation or function which the defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

8.      The disability, injuries, and illness of the Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was deleterious, poisonous and highly harmful to the Plaintiff's body, lung, respiratory system, skin and health, the Defendants nonetheless:

8a.      Failed to advise the Plaintiff of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products which

they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

8b.     Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

8c.     Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products,

8d.     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function,

8e.     Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

8f.     Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

8g.     Did not recommend methods to improve the work environment,

8h.     Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

8i.     Failed to provide adequate safety instructions for persons who would reasonably and forseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

8j.     Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

8k.     Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

8l.     Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

9.     The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff injuries stated herein.

10.     The Defendants, as part of their business, manufactured, sold and delivered their asbestos products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold.

11.     At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

12.     The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

13.     The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

14.     All or some of the Defendants became aware of the dangers of breathing asbestos before the Plaintiff was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

15.     Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

16.     The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

17.     It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

18.     As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff ROBERT HAMILTON is suffering from lung disease, asbestos-related lung disease, pleural plaques, asbestos-related pleural plaques and / or loss of lung function. He has endured pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he has been severely restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death.

SECOND COUNT FOR EXEMPLARY OR PUNITIVE
DAMAGES FOR ROBERT HAMILTON

19.     Paragraphs 1 through 18 are hereby repeated and realleged as if fully set forth.

20.     The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

21.     The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Plaintiff of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

22.     The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Plaintiff from the known dangers of asbestos.

By _____
Melissa M. Olson, Esq.
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT  06340
860-449-0341
ct18813
molson@embryneusner.com

Wherefore the Plaintiff, ROBERT HAMILTON, claims against the Defendants jointly and severally:

1.   Damages on his first count in the amount of $1,500,000.00.

2.   Punitive and exemplary damages on his second count in the amount of $3,000.000.00.

3.    Such other relief as the Court may deem proper.

Dated at Groton this 13th day of August, 2009.

By _Melissa M. Olson_

Melissa M. Olson, Esq.
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT  06340
860-449-0341
ct18813
molson@embryneusner.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was mailed, United States first class, postage pre-paid, to the following counsel of record this 13th day of August, 2009:

John F. Rooney III
28 State Street, 22nd Floor
Boston, MA  02109
Attorney for IIT Corp. and IIT Bell Gossett

Thomas Clark, Esq.
Litchfield Cavo
40 Tower Lane, Suite 200
Avon, Ct  06001
Attorney for MetLife

Richard Dighello, Esq.
Updike, Kelly & Spellacy
One State Street - P.O. Box 231277
Hartford, CT  06123
Attorney for IMO Industries, Inc.

Thomas Maxwell, Esq.
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601
Attorney for CBS Corp. / Westinghouse

Dan LaBelle, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880
Attorney for General Electric Co.

Jonathan Tabasky, Esq.
Jamie Magnani, Esq.
Sarah Knoff, Esq.
Cooley, Manion & Jones, LLP
21 Custom House Street
Boston, MA  02110-3536
Attorney for Okonite Co.

Hugh Cuthbertson, Esq.
Zangari Hershman, PC
59 Elm Street, Suite 400
New Haven, CT  06510
Attorney for Richard Klinger, Inc.

Jason Henderson, Esq.
Danaher, Lagnese & Neal PC
Capitol Place, Suite 700
21 Oak Street
Hartford, CT  06106
Attorney for Alfa Laval, Inc., Crane Co.

Kevin McCaffrey, Esq.
Cullen & Dykman
177 Montague Street
Brooklyn, NY  11201-3602
Attorney for Gould Pumps, Inc.

William E. Murray, Esq.
Edwards & Angell
90 State House Square, 9th Floor
Hartford, CT  06103
Attorney for Carborundum

Robert Bystrowski, Esq.
Morrison, Mahoney & Miller
One Const. Plaza, 10th Floor
Hartford, CT  06103
Attorneys for Safeguard-Scientific

Marcy Croft, Esq.
Forman, Perry Watkins, Krutz & Tardy
200 South Lamar Street, Suite 100
Jackson, MS  39201-4099

By: *Melissa M. Olson*
Melissa M. Olson, Esq.