UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HAMILTON | : | Civil Action No. 2:09-cv-71981-ER |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| GENERAL ELECTRIC CO., et al. | : | |
| *Defendants.* | : | November 11, 2011 |

### AGREEMENT RESERVING SECOND DISEASE CLAIMS

This Agreement Reserving Second Disease Claims ("Agreement") is made and entered into by and between the Plaintiff and the Defendants as identified on the attached Schedule A, in the above-captioned case currently pending in the United States District Court for the Eastern District of Pennsylvania, Consolidated Asbestos Products Liability Docket (MDL Docket 875), with all parties acting by and through their respective undersigned counsel.  Plaintiff has indicated his intention to dismiss all claims against the defendants (on the attached Schedule A) subject to the terms of this Agreement, including any claims for loss of consortium, without prejudice and without costs, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Similarly, the parties agree that all defendants' cross-claims in connection with this case will be dismissed without prejudice and without costs.

By agreement of all parties, and in consideration for this dismissal, all applicable statutes of limitation regarding the claims of the plaintiff as currently described and pending in this case, including any claims for loss of consortium and/or any other derivative claims due to his exposure to asbestos, are tolled as of the date of the entry of the Order of Dismissal, which shall be appended hereto.  Likewise, defendants will reserve all of their existing substantive and procedural defenses and rights in this case as of the date of this dismissal.

It is agreed and understood that the plaintiff has alleged radiological or other indications of past asbestos exposure but presently has limited or no asbestos-related impairment. The plaintiff filed suit because of a concern that a delay in filing would result in his claims being time-barred under the applicable statute of limitations, statue of repose or other similar timeliness provisions.

The criteria included in this Agreement for determining when this case may be removed from inactive status pursuant to this Agreement are intended to establish an impairment line that accords with the generally accepted medical and scientific literature relating to asbestos and disease.  See American Thoracic Society, "Diagnosis and Initial Management of Non-Malignant Diseases Related to Asbestos," 2004 American J. Respir. Crit. Care Med., Vol. 170, pp. 691-715; American Thoracic Society, "Lung Function Testing: Selection of Reference Values and Interpretative Strategies," 1991 American Rev. Respir. Dis., 1202-18.  Although the decision to designate this case as subject to this tolling agreement is voluntary, once it has been dismissed it must meet the Minimum Criteria for Removal described herein before it can be re-filed.

**TERMS AND PROVISIONS**

The following provisions establish this Agreement, and the criteria and procedures by which this case is being placed into, and will be removed from, the inactive status which it creates.

**I. Designation of this Case as Inactive**

This case is currently pending in the United States District Court for the Eastern District of Pennsylvania, Consolidated Asbestos Products Liability Docket (MDL Docket 875).  In order to place this case into inactive status, the parties have agreed to execute this Agreement together with a  motion for voluntary dismissal, without prejudice and without

costs, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which shall be filed with the Court. Upon filing and service of the dismissal, the above-captioned case shall remain on inactive status unless and until such time as it meets the Minimum Criteria for Removal and is removed from inactive status in accordance with the procedures established in this Agreement. Placement of the case into inactive status shall, with respect only to those defendants identified in the attached Schedule A, toll any unexpired statutes of limitations, response or similar provisions as of the date of filing, regarding the claims of the plaintiff, plaintiff's spouse, children, dependents and their estates arising from the alleged asbestos-related condition(s) currently alleged in the above-captioned matter.

The parties further agree that all defendants' cross-claims in connection with this case are dismissed without prejudice and without costs as of the date of the signed Order for Voluntary Dismissal, unless and until this case is removed from inactive status as described herein. It is further agreed and understood that, should this case be removed from inactive status, all defendant's cross-claims in connection with this case are also revived.

## II. Removal of this Case from Inactive Status

For this case to be eligible for removal from inactive status, the plaintiff shall prepare and serve on all viable defendants in this case a Request for Removal from Inactive Status (attached hereto as Form A), together with the documentation necessary to prove that the claim meets the Minimum Criteria for Removal, as described below.

Any defendant objecting to a Request for Removal of this case from inactive status shall bear the burden of proving that this case fails to meet the Minimum Criteria for Removal and shall, within 30 days of service of the Request for Removal for such case, file with the Court and serve on all parties an objection which shall set forth the reasons why this case fails to meet such Minimum Criteria for Removal. Plaintiff shall have 20 days after

service of such an objection to file and serve a response. Upon request, the plaintiff or moving defendant shall have a right to a hearing. The Court shall resolve any disagreements, and shall enter an order determining whether this case shall be removed from inactive status.

Should this case be removed from inactive status through the filing of a Request for Removal without objection or upon determination by the Court that the case meets the Minimum Criteria for Removal from inactive status over objection, the case shall be treated as viable. The plaintiff shall be permitted to file a motion to reactivate the civil lawsuit against those defendants identified in the original Complaint and as identified on the attached Schedule A.

### III. Minimum Criteria for Removal from Inactive Status

1.   The "minimum criteria for removal" from inactive status shall be defined as follows:

   a. Chest x-rays which show small irregular opacities of ILO grade l/l or greater; and pulmonary function testing that shows FVC < 80% of predicted with FEV1/FVC > 70% (actual value); <u>or</u>

   b. Chest x-rays which show small irregular opacities of ILO grade 1/0; <u>and</u> pulmonary function testing that shows FVC < 80% of predicted with FEV1/FVC > 75% (actual value) and with DLCO < 75% of predicted; <u>or</u>

   c. HRCT (high resolution computed tomography) in both supine and prone images at 1-1.5mm collimation at 2cm intervals in full inspiration. Windows mediastinum 440 width, level 40 lung 1000 width level - 700.

   d. In cases where the claimant is deceased, an appropriate diagnosis of pathological asbestosis greater than Grade 1B, as defined in the <u>Archive of Pathology and</u>

    Laboratory Medicine, Asbestos-Associated Diseases, Volume 106, No. 11, appendix 3 (Oct. 8, 1982); <u>or</u>

  e. Chest x-rays which show asbestos-related bilateral pleural encasement which is graded C2 or greater on the ILO scale and which includes the blunting of at least one costophrenic angle; <u>and</u> pulmonary function testing that shows either i) FVC < 75% of predicted with FEV1/FVC > 70% (actual value); or TLC < 75% of predicted with FEV1/FVC > 70% (actual value); <u>or</u>

  f. A diagnosis of cancer, which is demonstrated by a medical record showing the diagnosis as a primary cancer <u>and</u> a signed report of a board-certified physician that asbestos exposure more likely than not caused or contributed to cause such cancer.

  g. A diagnosis of pleural or peritoneal mesothelioma.

  2. "Chest x-rays" of the PA view shall be graded quality 1, and chest x-rays of views other than PA shall be graded at least quality 2 for reading according to the ILO criteria and read by a NIOSH-certified B-reader whose NIOSH-certification is up-to-date. "ILO grade shall mean the radiological ratings of the International Labour office set forth in "Guidelines for the use of ILO International Classification of Radiographs of Pneumoconioses" (1980). "Pulmonary Function Testing" shall mean spirometry, lung volume testing and diffusing capacity testing which conform to quality criteria established by the American Thoracic Society (ATS) and is performed on equipment which meets ATS standards for technical quality and calibration, all as set forth in 20 C.F.R. 718.103 and Appendix B thereto or in the ATS guidelines in 144 <u>American Review of Respiratory Disease</u> 1202-18 (1991). All pulmonary function testing must be interpreted by a board-certified pulmonary specialist. Each subject must be tested with and without inhaled bronchodilators, with best values taken.

Pulmonary function tests results shall be acceptable provided that said tests are performed to the conditions set forth above by accredited medical providers including, but not limited to, the hospitals specifically identified below. Predicted values shall be corrected for race or ethnic origin as appropriate. This list may be amended by stipulation of the parties or by Court order for good cause shown.

Connecticut:

Yale New Haven Hospital
Lawrence and Memorial Hospital
UConn Health Center
Bridgeport Hospital
St. Francis Hospital
Hartford Hospital
William W. Backus

Rhode Island:

Pawtucket Memorial Hospital
Rhode Island Hospital
Miriam Hospital
Kent County Hospital
Fatima Hospital

### IV. Miscellaneous Provisions

So long as this case remains on inactive status, it is exempt from discovery by either the plaintiff or defendants. During any time period that this case remains on inactive status, no delay damages, prejudgment interest or similar charges shall accrue.

The filing by any defendant of any papers in connection with any objection to a request by a plaintiff for removal from inactive status and/or the appearance by any defendant at a hearing ordered by the Court in connection with such a request, shall not be deemed an "appearance" submitting to personal jurisdiction in the event the case is removed from inactive status and a lawsuit is reactivated.

The terms "non-impaired" and "asbestos-related" are used in this Agreement solely as a means of separating cases and classifying them in consideration of this Agreement, and the fact that such terms are employed herein shall not be deemed an admission by any person or entity or serve as a basis for a finding of liability against any person or entity. The existence of inactive status for certain cases, including the fact that a specific case is or is

not in inactive status, shall not be cited, referred to or otherwise used in any proceeding for any purpose, except in a proceeding concerned with the placement and/or removal of cases from inactive status.  This Agreement shall not be cited, referred to or otherwise used in any proceeding for any purpose, except in a proceeding concerned with the placement and/or removal of cases from inactive status pursuant to the Agreement.  In addition, the use by the parties of any standard measurement for testing or the reporting of test results shall not be deemed an adoption or endorsement of that particular standard by the parties or the rejection of any alternative standard, but reflects only the selection of a reasonable system to help ensure that uniform standards are applied.

Service of the Request for Removal from Inactive Status Form and/or any associated documents for this case, should it be removed from inactive status, shall be in accordance with all applicable statutes and rules of procedure, except as particular parties may or have already stipulated otherwise; and service of other papers referred to in this Agreement shall be in accordance with all applicable statutes and rules of procedure, except as particular parties may or have already stipulated otherwise.

This agreement is respectfully submitted, by the parties as indicated below as Schedule A.

## **SCHEDULE A**

**The Plaintiff,**

**By:** __/s/ Melissa M. Riley /s/____
**Melissa M. Riley, Esq.**
**Embry & Neusner**
**P.O. Box 1409**
**Groton, CT 06340**
**860-449-0341**


**The Defendants,**

**General Electric Company,**

**By:** _/s/ Dan Labelle /s/_____
**Dan Labelle, Esq.**
**Halloran and Sage**
**315 Post Road West**
**Westport, CT 06880**
**203-227-2855**


**CBS Corporation, f/k/a Viacom, Inc., f/k/a Westinghouse Electric Corporation**

**By:** _/s/ Thomas Maxwell /s/____
**Thomas Maxwell, Esq.**
**Pullman & Comley**
**850 Main Street**
**Bridgeport, CT 06601**
**(203)330-2252**

**Okonite Co.,**

**By:** /s/Jonathan F. Tabasky /s/
**Jonathan F. Tabasky, Esq.**
**Cooley Manion Jones LLP**
**21 Custom House Street**
**Boston, MA 02110**
**617-737-3100**

**Safeguard Scientifics, Inc.,**

**By:** /s/ Edward N. Storck, III /s/
**Robert S. Bystrowski, Esq.**
**Edward Nicholas Storck**
**Morrison Mahoney LLP**
**One Constitution Plaza**
**10th Floor**
**Hartford, CT 06103-1810**
**860-616-4447**

**Crane Co.,**

**By:** /s/ Patrick Glinka /s/
**Patrick Glinka, Esq.**
**Danaher Lagnese & Sacco, P.C.**
**Capitol Place**
**21 Oak Street**
**Suite 700**
**Hartford, CT 06106**
**860-247-3666**

**Gould Pumps, Inc.,**

**By:**/s/Kevin C. McCaffrey /s/
**Kevin C. McCaffrey, Esq.**
**Cullen and Dykman LLP**
**177 Montague Street**
**Brooklyn, NY 11201-3602**
**718-780-0114**

**IMO Industries, Inc.,**

**By:**/s/Richard M. Dighello /s/
**Richard M. Dighello, Jr., Esq.**
**Updike Kelly & Spellacy PC**
**100 Pearl St., 17th Floor**
**P.O. Box 231277**
**Hartford, CT 06123-1277**
**860-548-2633**

**ITT Corporation,**

**By:**/s/ Robert Stuart Ludlum /s/
**Robert Stuart Ludlum, Esq.**
**Melilck Porter & Shea LLP**
**28 State Street**
**Boston, MA 02109**
**617-523-6200**

**FORM A**
**Request for Removal from Inactive Status**

Date: _____

1. Claimant's Name: _____
                         Last                First               Middle

2. Date Claim was initially placed into inactive status:

   _____

3. I hereby request removal of the above-captioned case from inactive status.

   _____

4. The specific asbestos-related condition(s) claimed is/are:

   _____

   _____

5. The reasons for this request are as follows
   (here state the specific reasons for removal, specifying which criteria have been satisfied):

   _____

   _____

   _____

6. The following documentation required by the Agreement Reserving Second Disease Claims is attached in support of this request:

   _____          dated _____

   _____          dated _____

   _____          dated _____

   _____          dated _____

   _____          dated _____

   _____          dated _____

                                           _____
                                           Signature of Claimant's Counsel

## **CERTIFICATE OF SERVICE**

   I hereby certify that on November 11th, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing via the Court's CM/ECF System.

              Respectfully submitted,
              THE PLAINTIFF

              /s/Melissa M. Riley/s/

              BY:
              Melissa M. Riley, Esq.